UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23223-RAR

**JAMES H. WEAREN**, *et al.*,

    Plaintiffs,

v.

**X AUTO IMPORT AND EXPORT CORP.**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S AMENDED MOTION TO COMPEL ARBITRATION

**THIS CAUSE** comes before the Court upon Defendants X Auto Import and Export Corp. ("X Auto") and Rayan Daza's ("Daza") Amended Motion to Compel Arbitration, or in the Alternative, Dismiss Plaintiffs' Complaint, [ECF No. 21], filed on October 4, 2023. Plaintiffs James Wearen and Moses Wiggins ("Plaintiffs") filed a response in opposition to the Motion ("Response"), [ECF No. 25], on October 18, 2023; Defendants filed a reply in support on October 25, 2023, [ECF No. 26] ("Reply"). Although Defendant CFS of South Florida L.L.C. ("CFS") did not file a brief, they do not oppose the relief requested in the Motion. Mot. at 7. The Court has reviewed the briefs and the record and is otherwise fully advised. For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 21], is **GRANTED**.

## BACKGROUND

Plaintiffs allege that they approached X Auto in February of 2023 to purchase a used car. Complaint, [ECF No. 1], ¶ 15. Plaintiffs eventually bought a 2014 GMC based on the representation that it had been driven for 90,986 miles. Compl. ¶ 17. In purchasing this vehicle,

Plaintiffs executed a Retail Installment Sales Contract ("Contract"), Mot., Ex. A.  The Contract includes a mandatory arbitration provision ("Arbitration Provision").  *Id.*  It provides:

> Arbitration Provision. PLEASE READ CAREFULLY! By agreeing to this arbitration provision you are giving up your right to go to court for claims and disputes arising from this Contract:
> • EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.
> ***
> You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. 'Claim' means any claim, dispute, or controversy between you and us or our employees, agents, successors, assigns, or affiliates arising from or relating to:
> 1. The credit application;
> 2. The purchase of the Property;
> 3. The condition of the Property;
> 4. This Contract
> 5. Any insurance, maintenance, service, or other contracts you purchased in connection with this Contract; or
> 6. Any related transaction, occurrence, or relationship.
>
> This includes any claim based on common or constitutional law, contract, tort, statute, regulation, or other ground.

Contract at 5.  Shortly after completing their purchase under the Contract, Plaintiffs allegedly discovered that the vehicle had been driven for more than 190,000 miles.  Compl. ¶ 28.

Plaintiffs now bring this suit against X Auto (the seller of the vehicle) and Daza (the president and manager of X Auto).  Compl. ¶¶ 10, 33–38.  Plaintiffs also bring suit against CFS, the company that financed the loan underlying the transaction.  Compl. ¶¶ 41–46.  Plaintiff has brought seven counts: (1) Violation of the Federal Odometer Act (All Defendants), (2) Violation of the Florida Deceptive and Unfair Trade Practices Act (as to X Auto and CFS), (3) Violation of the Florida Deceptive and Unfair Trade Practices Act (as to Daza), (4) Fraud (as to X Auto and CFS), (5) Fraudulent Inducement (as to X Auto and CFS), (6) Breach of Express Warranty (as to X Auto and CFS), and (7) Revocation of Acceptance (as to X Auto and CFS).  *See generally* Compl.

## **LEGAL STANDARD**

While federal law establishes the enforceability of arbitration agreements, state law governs the interpretation of an arbitration provision. *Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001). The Federal Arbitration Act ("FAA") requires a court to stay or dismiss a lawsuit and compel arbitration where: "(a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (internal quotation marks and citations omitted). When determining whether the parties agreed to arbitrate a claim, courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000). "Federal law counsels that questions of arbitrability, when in doubt, should be resolved in favor of arbitration." *Emp'rs Ins. of Wausau*, 251 F.3d at 1322.

In determining whether to compel a plaintiff's claims to arbitration, the Court must consider three factors: (1) whether the arbitration provision is valid and binding; (2) whether the claims fall within the scope of the arbitration provision; and (3) whether the right to arbitration has been waived. *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 464 (Fla. 2012). Additionally, "a court should enforce an arbitration agreement according to its terms, and no exception exists for a cause of action founded on statutory rights." *Davis v. S. Energy Homes, Inc.*, 305 F.3d 1268, 1273 (11th Cir. 2002) (citing to *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626–27 (1985)). "In every statutory right case that the Supreme Court has considered, it has upheld binding arbitration if the statute creating the right did not explicitly preclude arbitration."

*Id.* (collecting cases).  The burden to show a particular statutory claim is not arbitrable rests on the party resisting arbitration.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).  Thus, "unless Congress has clearly expressed an intention to preclude arbitration of the statutory claim, a party is bound by its agreement to arbitrate."  *Davis*, 305 F.3d at 1273.

## ANALYSIS

In their Motion, Defendants argue that this matter should be compelled to arbitration because "the arbitration provision is valid and binding," "Plaintiff's [sic] claims are within the scope of the arbitration provision," and "Defendants have not waived their right to arbitrate." Mot. at 3–5 (capitalization normalized).  In their Response, Plaintiffs do not attempt to counter the arbitrability of their claims against X Auto.  Instead, as to X Auto, they argue only that the action "be stayed as opposed to dismissed" pending arbitration.  Resp. at 13.

Plaintiffs dispute the ultimate arbitrability of this matter only as to their claims against Daza because "[a]s a non-signatory to the [Contract], Mr. Daza lacks standing to compel arbitration." Resp. at 8.  Plaintiffs argue that the Contract "does not afford anyone other than the buyer or seller the ability to elect to compel arbitration" and therefore Daza would need to rely on Florida's law of equitable estoppel to compel arbitration as a non-signatory. Resp. at 8–10.  Plaintiffs then provide several cases interpreting Florida's law of equitable estoppel in support of disallowing its application to the present case. *Id.* However, Plaintiffs' argument fails because X Auto possesses an independent right to compel claims against their agent, Daza, and therefore the Court need not consider whether Daza himself could compel arbitration as a non-signatory under an estoppel theory.

The Contract explicitly give X Auto the ability to compel arbitration on behalf of their agents and employees.  The Contract provides that "You or we (including any assignee) may elect

to resolve any Claim by neutral, binding arbitration and not by a court action." Contract at 5. It goes on to define "Claim" as "any claim, dispute, or controversy between you and us **or our employees, agents**, successors, assigns, or affiliates." *Id.* (emphasis added). As Daza is the "president and manager of X Auto" who performed actions on X Auto's behalf, Compl. ¶¶ 10–11, there can be no dispute that Daza qualifies as an employee or agent under the Arbitration provision.

While it may be true that non-signatories must rely on equitable estoppel to compel arbitration, *Kroma Makeup EU LLC v. Boldface Licensing & Branding, Inc.*, 845 F.3d 1351, 1354 (11th Cir. 2017), equitable estoppel need not be applied here because X Auto, by the terms of the Contract, has the right to compel arbitration as to claims against Daza. Based on this, the cases provided by Plaintiffs interpreting equitable estoppel are inapposite. Indeed, not a single one deals with an entity compelling arbitration for claims against its employee as permitted by a binding contract. The Court therefore finds that X Auto has the right to compel arbitration as to claims against its agent, Daza, as it has done here.[1]

Lastly, Plaintiffs attempt to avoid arbitration as to their claims against Daza by arguing that "'in order to establish that they are entitled to compel arbitration under Florida's doctrine of equitable estoppel,' Mr. Daza must show that Plaintiffs are relying on the agreement to assert their claims against them." Resp. at 9. Plaintiffs then provide several pages of argument in support of their theory that "there is no contractual nexus between the Odometer Act violations raised against

---

[1] Moreover, even without an explicit provision allowing X Auto to compel arbitration on behalf of Daza, it is well settled that arbitration provisions generally obligate plaintiffs to arbitrate against the principal as well as the principal's agents. *Liles v. Ginn-La W. End, Ltd.*, 631 F.3d 1242, 1256 (11th Cir. 2011) ("[T]he Eleventh Circuit Court of Appeals has recognized that a non-signatory to a contract may invoke an arbitration clause therein under a theory of equitable estoppel, under agency or related principles, or where the non-signatory is an intended third-party beneficiary of the contract."); *Qubty v. Nagda*, 817 So. 2d 952, 957 (Fla. 5th DCA 2002) ("A number of courts have held that agents must be afforded the benefits of arbitration agreements made by their principal, at least to the extent that the principal's liability and the agent's liability are based on the same set of facts.").

Mr. Daza." Resp. at 9–13.  However, as discussed above, it is X Auto who holds the right to compel arbitration in this matter.  Thus, the doctrine of equitable estoppel is inapplicable and the issue of whether there is a contractual nexus between the Contract and Plaintiffs' Odometer Act claim as to Daza is of no moment.[2]  X Auto simply seeks to enforce the rights that Plaintiffs agreed to under the Contract.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion is **GRANTED**.

2. The parties shall arbitrate the claims Plaintiffs have asserted in this action.  The case is **STAYED** pending conclusion of the arbitration proceedings.

3. The parties shall provide the Court with joint status reports every **sixty (60) days**, beginning on **January 2, 2024**, regarding the status of arbitration proceedings.

4. The Clerk is directed to **CLOSE** this case for administrative purposes only.

**DONE AND ORDERED** in Miami, Florida, this 31st day of October, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[2] Even setting aside the inapplicability of the equitable estoppel doctrine, Plaintiffs' argument that their claims against "Mr. Daza are solely statutory in nature arising from the odometer tampering undertaken to the Vehicle's odometer and bear no relation to the enforcement of any terms of the [Contract]," Resp. at 11, fail.  "[A] court should enforce an arbitration agreement according to its terms, and no exception exists for a cause of action founded on statutory rights."  *Davis*, 305 F.3d at 1273.  Thus, "unless Congress has clearly expressed an intention to preclude arbitration of the statutory claim, a party is bound by its agreement to arbitrate."  *Id.*  Plaintiffs bear the burden of showing that their Odometer Act claim is not arbitrable—and have failed to advance any evidence to meet this burden.  *See Gilmer*, 500 U.S. at 26.