UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23223-RAR

**JAMES H. WEAREN**, *et al.*,

    Plaintiffs,

v.

**X AUTO IMPORT AND EXPORT CORP.**, *et al.*,

    Defendants.
_____/

### ORDER VACATING ORDER GRANTING DEFENDANT'S AMENDED MOTION TO COMPEL ARBITRATION

**THIS CAUSE** comes before the Court upon *sua sponte* review. On October 31, 2023, the Court entered its Order Granting Defendant's Amended Motion to Compel Arbitration ("Arbitration Order"), [ECF No. 29], which ordered the parties to arbitration with status reports due to the Court every sixty days. Since then, Defendant Rayan Daza has flouted the Court's orders. Despite being the party who initially demanded that the Court send this case to arbitration, Daza has failed to participate in arbitration. *See* [ECF Nos. 36, 54]. Indeed, in the more than six months since the Court ordered the parties to arbitration, there has been no progress made in resolving this case.

On May 24, 2024, Plaintiffs filed their Motion to Reinstate Proceedings and For Order to Show Cause, [ECF No. 55]. In response, the Court entered an Order to Show Cause, which required Daza to "show cause, in writing, why he has failed to participate in Court-ordered arbitration." [ECF No. 56] at 1. The Order to Show Cause further warned Daza that "failure to comply may result in the entry of sanctions without further notice, including a finding by the Court that Daza has waived his contractual right to arbitration by failing to participate." *Id.* The deadline

for Daza to file his response has now passed, *see* [ECF No. 61], and Daza has failed to respond or request an extension of time to do so.

"A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right . . . ." *Pinnacle Constructors Group LLC v. SSC Tuscaloosa Apartments LLC*, No. 23-13397, 2024 WL 3042536, at *1 (11th Cir. June 18, 2024).  Acting in a manner "inconsistent with one's arbitration rights and then changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime."  *Id.* (citing to *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018)).

Here, Daza has acted inconsistently with his right to arbitrate this case.  At each turn, Daza has failed to participate in arbitration proceedings before the American Arbitration Association.  Specifically, Daza has failed to respond to communications regarding the arbitration or pay the required arbitration fees.  *See* [ECF No. 54] ¶¶ 6, 20–21.  Additionally, when presented with the opportunity to explain his failure to comply with the Court's order to arbitrate, Daza failed to file a response.  Therefore, the Court finds that Daza has waived his right to arbitration.  *See Steffanie A. v. Gold Club Tampa, Inc.,* No. 8:19-cv-3097-T-33TGW, 2020 WL 4201948, *4 (M.D. Fla. July 22, 2020) ("Defendants' repeated refusal to pay the AAA initial filing fee in this case constituted both a waiver of the right to arbitrate and a breach of the parties' agreement to arbitrate."). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Court's Order Granting Defendant's Amended Motion to Compel Arbitration, [ECF No. 29], is hereby **VACATED.**

2. This case is hereby **RESTORED** to the Court's active docket.

3. Defendant Rayan Daza shall file a response to Plaintiffs' Complaint **on or before July 15, 2024.**

4. If Daza fails to file a response, he will be subject to sanctions—including but not limited to the entry of default without further notice.

**DONE AND ORDERED** in Miami, Florida, this 1st day of July, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**