**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-23223-RAR**

**JAMES H. WEAREN**, *et al.*,

       Plaintiffs,

v.

**X AUTO IMPORT AND EXPORT CORP.**, *et al.*,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Default Final Judgment Against Rayan Daza ("Motion"), [ECF No. 74].  Plaintiffs filed a Complaint, [ECF No. 1], on August 23, 2023, against X Auto Import and Export Corp. ("Dealership") and Rayan Daza, arising from the purchase of a vehicle sold by the Dealership with a tampered odometer.  Mr. Daza was duly served with the Summons and Complaint on August 24, 2023.  [ECF No. 5].  On October 31, 2023, this matter was compelled to arbitration upon the joint application of the Dealership and the Defendant.  [ECF No. 29].  The Dealership initiated bankruptcy proceedings on April 9, 2024. [ECF No. 52-1].  Mr. Daza, however, did not.  Notwithstanding, Mr. Daza all but failed to proceed with arbitration.

On June 6, 2024, this Court entered an Order to Show Cause, [ECF No. 61], with a June 25, 2024 deadline for Mr. Daza to explain why he failed to proceed with arbitration despite having sought to compel it in the first place.  When Mr. Daza failed to respond, this Court entered its Order Vacating Order Granting Mr. Daza's Amended Motion to Compel Arbitration and reinstated the proceedings.  [ECF No. 65].  Once more, Mr. Daza disregarded this Court's directive and failed to timely respond to the Complaint resulting in the entry of default on July 17, 2024.  [ECF No. 69].

A party may apply to the court for a default judgment when the defendant fails to timely respond to a pleading. FED. R. CIV. P. 55(b)(2). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations omitted) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). However, conclusions of law are to be determined by the court. *Mierzwicki v. CAB Asset Management LLC*, No. 14-61998, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014) (citation omitted). Therefore, a court may only enter a default judgment if there is a "sufficient basis to state a claim." *Id*.

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citation omitted). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017). Therefore, where the record adequately supports the award of damages, an evidentiary hearing is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (finding an evidentiary hearing unnecessary because plaintiff was seeking statutory damages under the Lanham Act); *Luxottica Group S.p.A. v. Casa Los Martnez Corp.*, No. 14-22859, 2014 WL 4948632, at *2 (S.D. Fla. Oct. 2, 2014) (same).

Here, the Complaint adequately alleges a claim for violation of the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32710 *et seq*. Having not responded, Mr. Daza is deemed to have admitted the well-pleaded facts set forth in the Complaint, [ECF No. 1].

Along with the Motion, [ECF No. 74], which pleads $10,000 per statutory violation, Plaintiffs have submitted a tabulation of attorney's fees incurred in this action in the amount of $27,040, [ECF No. 74-1], as well as costs totaling $1,335.84, [ECF No. 74-2].  The Court finds no need to hold a hearing under Rule 55 of the Federal Rules of Civil Procedure based on the record before it.  The Court having reviewed the record, including the exhibits filed in support of the Motion, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiffs' Motion, [ECF No. 74], is **GRANTED**.

2.      The Court will enter a separate Final Judgment in favor of Plaintiffs and against Defendant Rayan Daza for the amounts set forth in the Motion, [ECF No. 74], as supported by the exhibits attached thereto.

**DONE AND ORDERED** in Miami, Florida, this 16th day of September, 2024.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**